```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GEORGE FENG,                                    )
                                                )
                    Plaintiff,                  )    COMPLAINT
                                                )
        -against-                               )    JURY TRIAL DEMANDED
                                                )
THE CITY OF NEW YORK; POLICE OFFICER            )
EVRODY SEIDE, Shield No. 18532; POLICE          )
OFFICER WESLEY WELLINGTON, Shield No.           )
28590; JOHN DOES; and RICHARD ROES,             )
                                                )
                    Defendants.                 )
------------------------------------------------------------X
```



## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff GEORGE FENG seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on December 18, 2013. More than 30 days have elapsed since service of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff GEORGE FENG was at all times relevant herein a resident of the State of New York, Queens County.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police

Department.

9. Defendants POLICE OFFICER EVRODY SEIDE, POLICE OFFICER WESLEY WELLINGTON, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE OFFICER EVRODY SEIDE, POLICE OFFICER WESLEY WELLINGTON, and JOHN DOES are sued individually.

10. Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct

incidental to the performance of their lawful functions in the course of their duties. Defendants RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11.     Plaintiff is a professional taxi driver.

12.     On November 3, 2013, at approximately 10 a.m., Plaintiff was driving his taxi, and was attempting to enter the line of taxis that were queuing up in a taxis-only lane along the curb to pick up fares in front of the W hotel, located on Lexington Avenue near 50th Street, New York, NY.

13.     Plaintiff was attempting to move his taxi into the line of taxis by a parallel parking maneuver.

14.     Before he was able to do so, a police car pulled up next to Plaintiff on the right side of Plaintiff's taxi, and POLICE OFFICER EVRODY SEIDE (who is a female police officer) told Plaintiff, in sum and substance, "you have to go."

15.     The parallel parking maneuver was entirely lawful, and was identical to the manner in which countless vehicles maneuver themselves from traffic lanes into spaces along curbs in the City of New York at every instant.

16.     Plaintiff explained to POLICE OFFICER SEIDE that he was moving his taxi into the taxi line.

17.     POLICE OFFICER SEIDE pulled the police car in front of Plaintiff's taxi, and she and her partner, POLICE OFFICER WELLINGTON (a male officer), got out of the police car.

18.     POLICE OFFICER SEIDE approached the side of Plaintiff's taxi, and asked for Plaintiff's license and registration.

19. Plaintiff provided PCLICE OFFICER SEIDE with his license and registration.

20. POLICE OFFICER SEIDE issued Plaintiff a summons, wrongfully charging Plaintiff with Obstructing a Traffic Lane, and started to walk back to her police car.

21. Aggravated that he was being stopped and delayed for no lawful reason, Plaintiff stated to POLICE OFFICER SEIDE, in sum and substance, "thank you for wasting my time."

22. POLICE OFFICER WELLINGTON then told Plaintiff, in sum and substance, "you should have left when we told you to."

23. Plaintiff replied, in sum and substance, that there was a perfect parking spot there for him in the taxi line.

24. POLICE OFFICER SEIDE returned quickly to Plaintiff's taxi and told Plaintiff to get out of his taxi, and that Plaintiff was being placed under arrest.

25. POLICE OFFICER SEIDE arrested Plaintiff illegally, in retaliation for his comment about her wasting his time.

26. Plaintiff got out of his taxi, and was patted down, handcuffed, and arrested.

27. Plaintiff asked why he was being arrested, but POLICE OFFICER SEIDE did not reply.

28. Plaintiff waited there at the scene, handcuffed, for approximately 10-15 minutes, for another police officer to come to pick up his taxi.

29. Plaintiff kept asking why he had been arrested, but POLICE OFFICER SEIDE did not reply.

30. Plaintiff told POLICE OFFICER SEIDE that she was hiding behind her badge.

31. POLICE OFFICER SEIDE responded, in sum and substance, "So, now you want

to fight."

32. Plaintiff said nothing in response.

33. Another police officer arrived at the scene and drove Plaintiff's taxi to the NYPD 17th Precinct.

34. Plaintiff was also taken to the 17th Precinct, by POLICE OFFICER SEIDE and POLICE OFFICER WELLINGTON.

35. Plaintiff was fingerprinted and placed in a cell at the 17th Precinct.

36. While he was being held at the 17th Precinct Plaintiff was given another summons, falsely charging him with Disorderly Conduct.

37. The Disorderly Conduct summons was signed by POLICE OFFICER SEIDE, and falsely alleges that "@ t/p/o [at the time and place of occurrence] Deft. Was observed by A.O. [Arresting Officer] using obscene language in a public place causing alarm and crowd to gather."

38. Plaintiff was held at the 17th Precinct until approximately 5:00 or 5:30 p.m., and then taken to Manhattan Central Booking.

39. Plaintiff was photographed at Central Booking, and placed in a cell.

40. Plaintiff was at Central Booking for approximately four hours, and then brought before a judge to be arraigned on a charge of Harassment.

41. Plaintiff accepted an adjournment in contemplation of dismissal of the Harassment charge, and was released at approximately 10:00 p.m.

42. The Harassment charge has been dismissed in its entirety.

43. Following his release from custody Plaintiff took a taxi back to the 17th Precinct to try to retrieve his cell phone, which had been taken and vouchered during the course of his arrest.

44. Plaintiff was told that he was not able to claim his property at night, and so he went back home without his phone.

45. Plaintiff was unable to work the day following his arrest, as his taxi had been provided to another driver due to his arrest.

46. Plaintiff returned to the 17th Precinct the day following his arrest, and was then able to retrieve his phone.

47. Plaintiff had to appear at Traffic Court at 66 John Street in Manhattan to address the false charge of Obstructing a Traffic Lane, which charge was dismissed in its entirety on December 11, 2013.

48. Plaintiff had to appear at Criminal Court at 346 Broadway in Manhattan to address the false charge of Disorderly Conduct, which was dismissed in its entirety on December 18, 2013.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

49. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

50. By their conduct and actions in seizing plaintiff, searching plaintiff, falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, maliciously prosecuting plaintiff, abusing process against plaintiff, trespassing upon plaintiff, violating rights to due process of plaintiff, interfering with and retaliating for the exercise of Plaintiff's rights to free speech and association, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from

the unjustified and unconstitutional treatment he received at the hands of other defendants, Defendants POLICE OFFICER SEIDE, POLICE OFFICER WELLINGTON, JOHN DOES and/or RICHARD ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

51.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

52.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

53.     By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

54.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

55. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

56. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

57. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

58. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a

direct and proximate cause of the unconstitutional conduct alleged herein.

59. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech in a manner that affronts police officers or is interpreted by police officers as challenging their authority. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

60. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

61. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

62. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

63. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

## FIFTH CLAIM

## ASSAULT AND BATTERY

64. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

65. By the actions described above, defendants did inflict assault and battery upon the plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

## FALSE ARREST AND FALSE IMPRISONMENT

67. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

68. By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69. As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

## MALICIOUS PROSECUTION

70. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

71. By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

## ABUSE OF PROCESS

73. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

74. By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process. The acts and conduct

of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

75. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

## TRESPASS

76. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

77. The defendants willfully, wrongfully and unlawfully trespassed upon the person of plaintiff.

78. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

79. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

80. By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused emotional distress to plaintiff. The acts and conduct of the defendants were

the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

81. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

## NEGLIGENCE

82. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

83. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

84. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

85. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

86. Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and

proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

87. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRTEENTH CLAIM

## CONSTITUTIONAL TORT

88. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

89. Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, and 12 of the New York State Constitution.

90. A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

91. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

  c. The convening and empaneling of a jury to consider the merits of the claims herein;

  d. Costs and interest and attorney's fees;

  e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
   January 28, 2015

          _____
          JEFFREY A. ROTHMAN, Esq.
          315 Broadway, Suite 200
          New York, New York 10007
          (212) 227-2980

          Attorney for Plaintiff